**David T. EKUJE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 03–40363.**

United States Court of Appeals, Second Circuit.

Sept. 21, 2005.

Jonathan L. Hafetz (Lawrence S. Lustberg, on the brief), Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., New York, New York, for Petitioner.

Richard M. Bernstein, Assistant United States Attorney (Virginia A. Gibson, Assistant United States Attorney and Chief, Civil Division, on the brief), for Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Philadelphia, Pennsylvania, for Respondent.

Present: MINER, RAGGI, Circuit Judges,and KARAS, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the order of the Board of Immigration Appeals ("BIA"), dated June 27, 2003, is hereby DENIED.

David T. Ekuje, a Nigerian national, petitions for review of a BIA order summarily affirming the Feburary 25, 2003 order of an Immigration Judge ("IJ") denying petitioner's application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). In such circumstances, we review the IJ decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Jurisdiction*

The government argues that this court lacks jurisdiction to entertain this petition because it was not filed within the time prescribed by Immigration and Nationality Act ("INA") § 242(b)(1), 8 U.S.C. § 1252(b)(1). *See Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir.2001). Because Ekuje is detained pending removal, however, he is entitled to the benefits of the inmate filing rule articulated in Fed. R.App. P. 25(a)(2)(C). *See Arango–Aradondo v. INS*, 13 F.3d 610, 612 (2d Cir.1994). In his reply brief, Ekuje submits a declaration that certifies his timely filing of his petition pursuant to this rule. Accordingly, we reject the government's jurisdictional challenge as without merit.

### 2. *Asylum and Withholding of Removal*

To qualify for asylum, "a refugee must demonstrate past persecution or a well-founded fear of future persecution on account of 'race, religion, nationality, membership in a particular social group, or political opinion.'" *Zhang v. United States INS*, 386 F.3d 66, 70 (2d Cir.2004)

---

(quoting 8 U.S.C. § 1101(a)(42)). The standard for withholding of removal is higher, *see id.* at 71, requiring a showing that "it is more likely than not" that the applicant's "life or freedom would be threatened" on one of these proscribed grounds if he were returned to his native country. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (quoting 8 U.S.C. § 1231(b)(3)(A)). Thus, if an applicant cannot support a claim for asylum, his claim for withholding of removal necessarily fails as well. *See id.; Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (*per curiam*).

■ In denying asylum, the IJ concluded that Ekuje had not credibly testified in support of his persecution claim, and that purportedly corroborating documents warranted no different conclusion. Alternatively, the IJ ruled that Ekuje's evidence was insufficient to establish past persecution generally or persecution based on religion or social group specifically. He further concluded that the record failed to support an objective fear of future persecution if Ekuje returned to Nigeria. Although Ekuje challenges all these rulings in his brief to this court, because we find the IJ's adverse credibility finding supported by substantial evidence, we deny the petition on that ground without addressing Ekuje's other arguments.

The law is clear that "administrative findings of fact," including findings relating to credibility, "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B); *see Zhang v. United States INS,* 386 F.3d at 73 & n. 7. We will not disturb such factual findings if they are "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Chen v. INS,* 344 F.3d at 275 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Indeed, we afford " 'particular deference' in applying the substantial evidence standard" to an IJ's credibility findings, "mindful that the law must entrust some official with responsibility to hear an applicant's asylum claim, and the IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant." *Zhang v. United States INS,* 386 F.3d at 73 (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)). If credibility findings are based "on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* at 74 (internal quotation marks omitted).

In concluding that Ekuje's testimony lacked credibility, the IJ noted a number of inconsistencies among Ekuje's statements in his asylum application, airport interview, and hearing testimony. These inconsistencies pertained to matters material to Ekuje's claim of persecution: (1) his purported initiation into the Ogboni cult, which was allegedly persecuting him; as well as (2) events demonstrating that persecution. The IJ further pointed to the lack of detail in certain aspects of Ekuje's testimony, and the implausibility of other aspects. Finally, the IJ supported his credibility finding by noting admitted fabrication of certain statements made during Ekuje's airport interview, and Ekuje's failure to submit convincing corroboration.

Although Ekuje attempts to explain certain of the inconsistencies and to challenge the IJ's conclusions about the specificity or implausibility of his testimony, upon careful review of the record, we cannot conclude that a reasonable factfinder was compelled to credit Ekuje's account. *See*

generally *Zhang v. United States INS,* 386 F.3d at 74 (holding that reviewing court may not hypothesize excuses for inconsistencies in testimony or explain away improbabilities). To the extent Ekuje faults the IJ for considering his airport interview in assessing credibility, we note that the record in this case is devoid of any of the concerns identified in *Ramsameachire v. Ashcroft,* 357 F.3d at 179–80, that might preclude consideration of such an interview.

Equally unavailing is Ekuje's reliance on *Damaize–Job v. INS,* 787 F.2d 1332, 1337 (9th Cir.1986). In this case, the IJ was not making a moral judgment about Ekuje's purported abandonment of his siblings, *cf. id.* (noting that applicant's personal choice not to marry the mother of his children should not be used to evaluate credibility regarding claimed persecution), he was questioning the plausibility of that account and, therefore, of Ekuje's intertwined claim that he abandoned his siblings to flee cult members.

Finally, Ekuje's challenge to the IJ's concern about the lack of reliable corroboration merits little discussion because the IJ did not otherwise find Ekuje credible, *see Zhang v. United States INS,* 386 F.3d at 78–79, and, in any event, the IJ did identify the missing relevant documentation and offer a sufficient explanation for thinking this evidence was reasonably available to Ekuje. *See Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003).

In sum, because we conclude that the IJ's adverse credibility finding was supported by substantial evidence, we deny Ekuje's petition for review of the denial of his asylum and withholding of removal claims.

## 3. *CAT Claim*

▇ Ekuje submits that, even if his asylum claim was properly rejected, the IJ erred in failing to conduct an independent inquiry into his entitlement to CAT relief. *See Ramsameachire v. Ashcroft,* 357 F.3d at 184–86 (recognizing that an adverse credibility finding with respect to an asylum claim will not automatically preclude CAT). We need not here consider whether, despite the incredibility of his asylum claim, Ekuje could support a CAT claim. The record demonstrates that the IJ did not deny CAT relief on credibility grounds alone. Rather, he concluded that Ekuje failed to adduce evidence sufficient to demonstrate that it was more likely than not that if, on return to Nigeria, he failed to join the Ogboni cult, he would be tortured, as defined by CAT, i.e., subjected to the intentional infliction of "severe pain or suffering ... by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1); *see Islami v. Gonzalez,* 412 F.3d 391, 395 (2d Cir.2005). While Ekuje disputes this conclusion, it is sufficiently supported by the country report to preclude our ruling that the IJ was compelled to rule otherwise. *See Huang v. United States INS,* 421 F.3d 125, 128–29 (2d Cir.2005) (*per curiam*) (finding that BIA was entitled to rely on country condition report in the record so long as it did not overlook any contradictory evidence directly presented by the petitioner).

Accordingly, we deny the petition to review the rejection of Ekuje's CAT claim.

## 4. *Motion for Remand or Reopening*

In papers submitted June 20, 2003, and again on July 2, 2003, Ekuje proffered "new evidence" to support his request for relief from removal, specifically, his birth certificate. The BIA did not address the birth certificate in its June 27, 2003 decision. Instead, sometime thereafter it considered whether the new evidence

warranted reopening of the removal proceedings, concluding on September 9, 2003, that it did not because the evidence could have been procured and offered at the time of the proceedings before the IJ.

Ekuje concedes that we lack jurisdiction to review the BIA's adverse decision on reopening because that September 9, 2003 ruling constitutes a final order distinct from that of June 27, 2003 ruling, requiring a final petition for review, which Ekuje has not filed. *See Durant v. United States INS*, 393 F.3d 113, 115 (2d Cir.2004). Accordingly, in challenging the June 27, 2003 order, Ekuje faults the BIA for failing to consider his June 20, 2003 submission as a motion to remand. This argument merits little discussion.

"A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen," and our review of a denial of either motion is deferential, limited to abuse of discretion. *Cao v. United States Dep't of Justice*, 421 F.3d 149, 156–57 (2d Cir.2005). The BIA's rationale for denying reopening—Ekuje's birth certificate was not previously unavailable—was not an abuse of discretion. *Cf. id.* at 158–59. In light of this finding, Ekuje can hardly complain of the failure to order remand.

For the reasons stated, Ekuje's petition for review of the BIA order of June 27, 2003, is DENIED.