10-2007-ag
Cuadros-Vives v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand eleven.

PRESENT: ROBERT D. SACK,
     REENA RAGGI,
      *Circuit Judges*,
     RICHARD K. EATON,
      *Judge*.[*]

-------------------------------------------------------------

PABLO JESUS CUADROS-VIVES,
     *Petitioner*,

     v.           10-2007-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
     *Respondent*.

-------------------------------------------------------------

FOR PETITIONER:     Pablo Jesus Cuadros-Vives, *pro se*, North Miami Beach, Florida.

---

[*]Judge Richard K. Eaton of the United States Court of International Trade, sitting by designation.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Shelley R. Goad, Assistant Director; Kristen Giuffreda Chapman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Pablo Jesus Cuadros-Vives, a citizen of Peru, seeks review of an April 20, 2010 decision of the BIA denying his motion to reopen his removal proceedings. See In re Pablo Jesus Cuadros-Vives, No. A038 672 215 (B.I.A. Apr. 20, 2010). We assume the parties' familiarity with the facts and record of prior proceedings, which we discuss only as necessary to explain our decision to dismiss.

This court's jurisdiction to review a final order of removal, including an order denying a motion to reopen, against an alien such as Cuadros-Vives who was found removable by reason of having committed a crime involving moral turpitude, is limited to constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C), (D); see also Durant v. U.S. Immigration & Naturalization Serv., 393 F.3d 113, 115-16 (2d Cir. 2004). No such colorable claims or questions are here presented. See Barco-Sandoval v. Gonzales, 516 F.3d 35, 40 (2d Cir. 2008).

It is undisputed that Cuadros-Vives's motion to reopen was untimely and number-barred because it was his second such motion and filed more than 90 days after the agency's final administrative decision. See 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2).

2

Although Cuadros-Vives argued for equitable tolling before the BIA based on the purported ineffective assistance of his former counsel, he abandons that argument before this court by not challenging the BIA's specific determination that he failed to demonstrate ineffective assistance. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n.7 (2d Cir. 2005). Nor does the record compel the conclusion that the BIA ignored relevant evidence of former counsel's ineffective assistance. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (stating that the BIA is not required to address each piece of evidence presented by petitioner). In such circumstances, we identify no error in the BIA's subsequent conclusion that Cuadros-Vives could not claim ineffective assistance of his second attorney for failure timely to challenge the performance of the former counsel. See Rashid v. Mukasey, 533 F.3d 127, 130-31 (2d Cir. 2008). Because Cuadros-Vives has thus failed to raise a colorable constitutional claim or legal challenge to the BIA's denial of equitable tolling, we lack jurisdiction to review the BIA's decision to that extent. See 8 U.S.C. § 1252(a)(2)(C); see also Barco-Sandoval v. Gonzales, 516 F.3d at 36. Further, Cuadros-Vives has not shown that he qualified for an exception to the applicable time limitation based on his purported eligibility to adjust status. See 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv); 8 C.F.R. § 1003.2(c)(3); see also Matter of Yauri, 25 I. & N. Dec. 103, 105 (B.I.A. 2009). Therefore, his argument that the BIA should have granted reopening based on his prima facie eligibility to adjust status can only be viewed as challenging the BIA's discretionary decision not to exercise its sua sponte reopening authority. See Mahmood v. Holder, 570 F.3d 466, 469 (2d Cir. 2009); see also Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir. 2006). Although remand is

3

appropriate "where the Agency may have declined to exercise its <u>sua sponte</u> authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," <u>Mahmood v. Holder</u>, 570 F.3d at 469, the BIA made no such error here and, thus, we lack jurisdiction to review the BIA's decision to this extent, <u>see</u> 8 U.S.C. § 1252(a)(2)(C); <u>see also</u> <u>Xiao Ji Chen v. U.S. Dep't of Justice</u>, 471 F.3d at 329 (concluding that petitioner's argument that "merely quarrels over the correctness of the factual findings or justification for [] discretionary choices" does not raise constitutional challenge or question of law "regardless of the rhetoric employed").

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4