Kenneth DURANT, Petitioner–Appellant,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.

No. 99–4096–AG(L), 99–4192–AG(CON).

United States Court of Appeals, Second Circuit.

Submitted: Nov. 2, 2004.

Decided: Dec. 16, 2004.

As Amended Feb. 1, 2005.

---

Kenneth Durant, pro se, Brooklyn, NY.

David N. Kelly, United States Attorney for the Southern District of New York (Sean Cenawood, Assistant United States Attorney, Sue Chen, Special Assistant United States Attorney, of counsel), New York, NY, for Respondent–Appellee.

Before: CARDAMONE, CABRANES, and SOTOMAYOR, Circuit Judges.

SOTOMAYOR, Circuit Judge.

The Government moves to dismiss petitioner Kenneth Durant's petitions for review of a June 1999 final order of removal and an October 1999 order denying a motion to reopen the removal proceedings. The Board of Immigration Appeals ("BIA") determined that Durant was removable because of his conviction for a controlled substance offense, which they also classified as an aggravated felony.[1] We hold that this Court lacks jurisdiction to review the June 1999 final order of removal because 8 U.S.C. § 1252(a)(2)(C) prohibits review of such orders when an alien has been ordered removed because of a conviction of a controlled substance offense. We further hold that when an alien has been ordered removed because of a conviction for one of the offenses specified in § 1252(a)(2)(C), the jurisdictional bar imposed by this section also applies to an order denying a motion to reopen removal proceedings. The Government's motion to dismiss the petitions is granted.

## BACKGROUND

Kenneth Durant, a citizen of Barbados and lawful permanent resident of the United States, was convicted in 1991 and 1995 for criminal possession of a controlled substance. Subsequently, the Immigration and Naturalization Service ("INS") initiated removal proceedings against him, charging that these convictions made him a removable alien. Each of these convictions arose from Durant's possession of a crack pipe containing cocaine. Durant filed an application for asylum and withholding of removal, arguing that he would be subjected to severe discrimination and would not receive medical care if removed to Barbados because of his HIV-positive status. In October 1998, an immigration judge granted Durant's application for withholding of removal, finding that although he had been convicted of controlled substance offenses, he qualified for withholding of removal. The INS appealed this decision to the Board of Immigration Appeals ("BIA"). In June 1999, the BIA sustained the appeal and denied Durant's application for withholding of removal. Durant moved to reopen the proceedings. In October 1999, the BIA denied this motion.

In July 1999, Durant filed a petition for review in this Court seeking review of the

---

1. The parties did not brief to this Court the question of whether the relevant controlled substance offense committed by Durant constitutes an aggravated felony under 8 U.S.C. § 1252(a)(2)(C). We are reluctant to adjudicate this complex issue without the benefit of full briefing, particularly since Durant proceeded *pro se*. Accordingly, we do not address the Government's contention that we also lack jurisdiction to review Durant's final order of removal because the second of Durant's substance offenses constitutes an aggravated felony.

final order of removal entered by the BIA in June 1999. In November 1999, Durant filed a second petition seeking review of the October 1999 BIA order denying his motion to reopen. The Government has moved to dismiss both petitions, arguing that under 8 U.S.C. § 1252(a)(2)(C), the Court lacks jurisdiction to review a final order of removal of an alien who has been ordered removed because he or she has committed a controlled substance offense. The Government's motion does not differentiate between Durant's petition for review of the final order of removal and his petition for review of the BIA's decision denying his motion to reopen.

## DISCUSSION

■ Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546 (1996) (codified as amended in scattered sections of 8 U.S.C.), this Court lacks jurisdiction to review any final order of removal against an alien who is removable by reason of a conviction for certain criminal offenses, including offenses involving controlled substances. 8 U.S.C. § 1252(a)(2)(C). The Court does have jurisdiction, however, to determine whether this jurisdictional bar applies. *Bell v. Reno*, 218 F.3d 86, 89 (2d Cir.2000).

■ Under 8 U.S.C. § 1227(a)(2)(B)(i), "[a]ny alien who at any time after admission has been convicted of a violation of … any law or regulation of a State, the United States, or a foreign country relating to a controlled substance …, other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." Cocaine is in-

cluded in the definition of "controlled substance." 21 U.S.C. § 812(c), Schedule II(a)(4). This Court has also held that a state court conviction for possession of cocaine "is a controlled substance offense within the scope of the statute," *Sol v. INS*, 274 F.3d 648, 651 (2d Cir.2001). Thus, Durant's 1991 and 1995 convictions for cocaine possession constitute violations of a law relating to a controlled substance. Accordingly, this Court is without jurisdiction to review his final order of removal.

■ Because Durant has been ordered removed by reason of his convictions for controlled substance offenses, we also lack jurisdiction to review the BIA's order denying Durant's motion to reopen removal proceedings. While final orders of removal and orders denying motions to reopen are treated as separate final orders and require separate petitions for review, *see Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Zhao v. United States Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir.2001), these orders are sufficiently connected that permitting review of a motion to reopen when § 1252(a)(2)(C) bars review of the final order of removal would provide an improper backdoor method of challenging a removal order. Even though this Court may not consider the merits of the underlying removal order when reviewing the denial of a motion to reopen, a holding by this Court that the BIA abused its discretion in denying a motion to reopen and ordering that the case be remanded to the BIA would have the effect of undermining the jurisdictional bar imposed by 8 U.S.C. § 1252(a)(2)(C). Such a result would contravene Congress's intent in enacting IIRIRA's limitations on judicial review, which was to "speed the removal of legal perma-

nent residents convicted of certain crimes from the United States." *Calcano–Martinez v. INS*, 232 F.3d 328, 329 (2d Cir. 2000), *aff'd* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001). *Cf. Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir.2001) (holding that certificate of appealability requirement of 28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition because, *inter alia*, "it would be rather anomalous for Congress to have intended to screen out unmeritorious appeals from denials of habeas corpus petitions and yet not have wished to apply this same screen to 60(b) motions seeking to revisit those denials.").

Our decision in this case is consistent with those decisions of other Circuits that have addressed the issue of whether the jurisdictional bar in § 1252(a)(2) applies to a petition for review of the denial of a motion to reopen. *See, e.g., Assaad v. Ashcroft*, 378 F.3d 471, 474–75 (5th Cir. 2004) (holding that 8 U.S.C. § 1252(a)(2)(B)(ii) deprived federal appellate court of jurisdiction over motion to reopen immigration proceedings where BIA affirmed IJ's finding that petitioner was not entitled to good-faith marriage waiver of removability under 8 U.S.C. § 1186a(c)(4)(B)); *Dave v. Ashcroft*, 363 F.3d 649, 652 (7th Cir.2004) (holding that under 8 U.S.C. § 1252(a)(2)(C), federal appellate court lacked jurisdiction to review a motion to reopen removal proceedings when the alien was ordered removed by reason of having committed a criminal offense covered by 8 U.S.C. § 1227(a)(2)(C)); *Patel v. United States Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir.2003) (holding that under 8 U.S.C. § 1252(a)(2)(C), federal ap-

pellate court lacked jurisdiction to review the denial of a motion to reopen where the alien was deemed removable by reason of being convicted of an offense included in 8 U.S.C. § 1227(a)(2)(A)(iii)). *See also Stewart v. INS*, 181 F.3d 587, 593 (4th Cir.1999) (holding that "the phrase 'order of exclusion or deportation' in IIRIRA's transitional rules includes an order denying a motion to reopen.").

## CONCLUSION

We grant the motion to dismiss Durant's petitions for review under 8 U.S.C. § 1252(a)(2)(C) because the Court lacks jurisdiction to review these orders, as Durant has been convicted of a controlled substance.