**LI GUO ZHU, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–4049–ag.**

United States Court of Appeals, Second Circuit.

June 11, 2008.

David J. Rodkin, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

Petitioner Li Guo Zhu, a native and citizen of the People's Republic of China, seeks review of the September 5, 2007 order of the BIA denying his motion to reopen. *In re Li Guo Zhu*, No. A75 835

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former acting Attorney General Peter D. Keisler as the respondent in this case.

441 (B.I.A. Sept. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, an alien files a timely petition for review from only the denial of a motion to reopen, we review only the denial of that motion. *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001). However, Zhu fails to present any argument challenging the BIA's denial of that motion. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Even if we were to review the BIA's decision, we could not find that the agency exceeded its allowable discretion by denying Zhu's motion.[2] As such, we deem waived any challenge to the agency's denial of his April 2007 motion to reopen.

We further decline Zhu's request to remand this case to allow the BIA to consider his ineffective assistance of counsel claim, which he purports to have raised in a second pending motion to reopen before the BIA.[3] Indeed, the BIA may consider Zhu's motion without this case being remanded, *see* 8 C.F.R. § 1003.2(a), and should the BIA deny his second motion to reopen, Zhu may file a petition for review of that decision, *see Durant v. INS,* 393 F.3d 113, 115 (2d Cir.2004) (recognizing that orders denying motions to reopen are treated as final orders separate from final orders of removal and that such orders require separate petitions for review). Moreover, we will not exercise any inherent authority we may possess to remand this case with instructions for the BIA to consider Zhu's evidence of the ineffective assistance of his prior counsel. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007) (holding that the Court will not remand "if: [i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence.").

In the alternative, Zhu requests that this Court "stay the mandate" in this case to permit the BIA to adjudicate his motion to reopen. Zhu proffers no argument in support of such a stay, which he presumably requests in order to avoid execution of his order of removal. If Zhu wishes to stay his removal pending the BIA's consideration of his second motion to reopen, he may seek a stay from the agency. *See* 8 C.F.R. § 1241.6; *see also Felzcerek v. INS,* 75 F.3d 112, 118 (2d Cir.1996) (denying a petitioner's request to stay proceed-

---

**2.** There is no dispute that Zhu's April 2007 motion was filed well beyond the 90–day deadline for filing a motion to reopen where the BIA issued its final order in July 2002. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, although there is no time limit for filing a motion to reopen if it is based on materially changed country conditions in the movant's country of nationality, 8 C.F.R. § 1003.2(c)(3)(ii), Zhu's argument before the BIA that his approved I–140 constituted changed circumstances excusing the untimeliness of his motion was without merit. *See* 8 C.F.R. § 1003.2(c)(3)(i)–(iv) (providing exceptions to the time limitation for motions to reopen that are inapplicable to Zhu's case); *see also Li Yong Zheng v. U.S. Dep't of Justice,*

416 F.3d 129, 130–31 (2d Cir.2005) (finding that a change in personal circumstances does not establish an exception to the filing deadline for motions to reopen).

**3.** Zhu did not raise his ineffective assistance claim in the motion to reopen under review, and we are precluded from reviewing the merits of Zhu's ineffective assistance of counsel claim in the first instance. *See* 8 U.S.C. § 1252(d)(1); *see also Felzcerek v. INS,* 75 F.3d 112, 118 (2d Cir.1996) (noting that the Court "lack[ed] jurisdiction to review the merits of an alien's motion to reopen before the BIA has had an opportunity to do so").

ings for the BIA to review a pending motion to reopen where he should have sought a stay from the agency).[4]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.

---

4. The serious deficiencies in the representation provided by Zhu's attorney, David J. Rodkin, compel us to express our concern. Rodkin's briefing was of extremely poor quality. The arguments presented were completely without merit, the brief did not present any arguments as to the motion to reopen that is under review, and counsel's statements regarding the filing of a new motion to reopen with the BIA could not be verified. Thus, we hereby warn Rodkin that continuing conduct of this nature could result in the initiation of disciplinary proceedings against him. *See* Fed. R.App. P. 46(b), (c).

