**Rizland BENNETT, Petitioner,**

v.

**Michael B. MUKASEY,\* United States Attorney General, Respondent.**

No. 06–2480–ag.

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

Douglas Rosenthal, New York, NY, for Petitioner.

John Blakeley (James E. Grimes, Senior Litigation Counsel, Leslie McKay, Assistant Director, Office of Immigration Liti-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

gation, U.S. Department of Justice, Washington, D.C., on the brief) for Gregory G. Katsas, Assistant Attorney General, Civil Division, for Respondent.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Rizland Bennett, a native and citizen of Jamaica, seeks review of the order of the BIA affirming the decision of Immigration Judge ("IJ") William F. Jankun, which denied his motion to reopen his removal proceedings. *In re Rizland Eldon Bennett*, No. A 37 776 376 (B.I.A. Apr. 27, 2006), *aff'g* No. A 37 776 376 (Immig. Ct. N.Y. City Aug. 1, 2005). We assume the parties' familiarity with the underlying facts, issues on appeal, and procedural history of the case.

■ Ordinarily we review an agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005). In this case, however, we lack jurisdiction to consider Bennett's petition for review. Under 8 U.S.C. § 1252(a)(2)(C), we do not have jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense" under 8 U.S.C. § 1227(a)(2)(C). Because Bennett was convicted of attempted possession of a loaded firearm, he has categorically violated 8 U.S.C. § 1227(a)(2)(C), which authorizes removal of any alien convicted of possessing or attempting to possess a firearm in violation of the law. Bennett does not raise any constitutional claims or questions of law that would bring his case within our jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

Bennett cannot avoid the jurisdictional bar on the basis that he is seeking review of a denial of his motion to reopen rather than his underlying grounds for deportability or order of removal. We lack jurisdiction to consider motions to reopen that relate to an order of removal specified under § 1252(a)(2)(C). *See Durant v. I.N.S.*, 393 F.3d 113, 114 (2d Cir.2004) ("We ... hold that when an alien has been ordered removed because of a conviction for one of the offenses specified in § 1252(a)(2)(C), the jurisdictional bar imposed by this section also applies to an order denying a motion to reopen removal proceedings.").

■ In any event, we discern no abuse of discretion in the agency's challenged denial because Bennett failed to advance his "exceptional circumstances" argument within the 180 days required by statute, 8 U.S.C. § 1229a(b)(5)(C)(i), and the explanation he did advance—essentially, that he confused his hearing dates—did not rise to the level of "exceptional circumstances," *see* 8 U.S.C. § 1229a(e)(1) (defining "exceptional circumstances" generally as those circumstances "beyond the control of the alien"); *Alrefae v. Chertoff*, 471 F.3d 353, 358 (2d Cir.2006) (noting that "[t]he BIA's standard for exceptional circumstances appears fairly stringent, both in terms of the required severity of the circumstances and the proof required to establish a claim.").

For the foregoing reasons, this petition for review is DISMISSED.