**Miladyz DIAZ–JETT, Petitioner,**

v.

**Michael B. MUKASEY,\* U.S. Attorney General; William Clearly, DRO Field Director, Respondents.**

No. 06–1757–ag.

United States Court of Appeals, Second Circuit.

Dec. 24, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Michael B. Mukasey is substituted for former Attorney General John Ashcroft as Respondent.

Miladyz Diaz–Jett, New York, NY, pro se.

Kirti Vaidya Reddy, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York), New York, NY, for Respondents.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. PAUL J. KELLY, JR.,[1] Circuit Judges.

## SUMMARY ORDER

Petitioner Miladyz Diaz–Jett, a native and citizen of the Dominican Republic, seeks review of a July 21, 2004, order of the BIA denying Diaz–Jett's second motion to reopen her immigration proceedings for deferral of her removal under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

■ Ordinarily we review an agency's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). Here, however, we lack jurisdiction to consider Diaz–Jett's petition. Diaz–Jett was ordered removed in 1999 on the basis of a conviction for the possession of cocaine, and was therefore found to be "removable by reason of having committed a criminal offense covered in [8 U.S.C. § 1227(a)(2)(B), relating to controlled substances]." 8 U.S.C. § 1252(a)(2)(C). "[W]hen an alien has been ordered removed because of a conviction for one of the offenses specified in § 1252(a)(2)(C), the jurisdictional bar imposed by this section also applies to an order denying a motion to reopen removal proceedings." *Durant v. INS,* 393 F.3d 113, 114 (2d Cir.2004). Under these circumstances, we lack jurisdiction because her petition raises no constitutional claims

---

1. The Honorable Paul J. Kelly, Jr., of the Tenth Circuit Court of Appeals, sitting by des- ignation.

or questions of law. 8 U.S.C. § 1252(a)(2)(D); *see also Poole v. Mukasey,* 522 F.3d 259, 262 (2d Cir.2008).

In any event, the BIA did not abuse its discretion in denying her petition. Her allegations about her former boyfriend's threats do not establish that "it is more likely than not that ... she would be tortured if removed to the [Dominican Republic]." *See* 8 C.F.R. § 1208.16(c)(2). And she never alleged any official involvement, or acquiescence, in any future torture by her former boyfriend, as required by the Convention Against Torture. *See* 8 C.F.R. § 1208.18(a)(1).

In addition, her motion was both untimely and numerically barred. A petitioner is limited to filing one motion to reopen, and this motion generally must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). The BIA issued its final order of removal on July 9, 1999. Diaz–Jett moved to reopen first on August 17, 2001, and again on June 10, 2004. Diaz–Jett's second motion to reopen was untimely by years whether counting from the final order of removal on July 9, 1999, the denial of her first motion to reconsider, on December 8, 1999, or the denial of her first motion to reopen, on October 31, 2001. Moreover, because Diaz–Jett had already filed a motion to reopen, her second motion exceeded the numerical limitations on motions to reopen. Finally, none of the exceptions to the time and numerical limits apply in this case. *See* 8 C.F.R. §§ 1003.2(c)(3)(i)–(iv), 1208.18(b)(2).

For the foregoing reasons, this petition for review is hereby DISMISSED.