09-4739-ag
Grajales v. Holder

BIA
A012 870 832

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of October, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

Maria Aurora Rocha Grajales, also known as Maria La Torre,
> _____*Petitioner*,

> v.                                    09-4739-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          H. Raymond Fasano, New York, New York

FOR RESPONDENT:          Tony West, Assistant Attorney General; Mark C. Walters, Senior Litigation Counsel, Glen T. Jaeger,

**Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice**, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Maria Aurora Rocha Grajales, a native and citizen of Colombia, seeks review of a November 9, 2009, order of the BIA denying her motion to reopen. *In re Maria Aurora Rocha Grajales*, No. A012 870 832 (B.I.A. Nov. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We lack jurisdiction to review a final order of removal where, as here, the order results from convictions of two or more crimes involving moral turpitude, unless the petition raises "constitutional claims or questions of law." *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Dulal-Whiteway v. U.S. Dep't of Homeland Security*, 501 F.3d 116, 120 (2d Cir. 2007). This jurisdictional bar has been extended to petitions seeking review of the BIA's denials of motions to reopen, where review of the underlying removal order would be prohibited by § 1252(a)(2)(C). *See Durant v. INS*, 393 F.3d

2

113, 115-16 (2d Cir. 2004) (finding that, because Court lacked jurisdiction under § 1252(a)(2)(C) to review order of removal based on conviction of certain criminal offenses, Court also lacked jurisdiction to review BIA's denial of a motion to reopen).  Although, pursuant to § 1252(a)(2)(D), we retain jurisdiction over constitutional claims and questions of law, an alien "cannot use the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion."  *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330 (2d Cir. 2006)).

To the extent that the petition for review raises a question of law, it fails.  Grajales argues that the BIA erred by requiring her to demonstrate the Colombian government's consent or acquiescence in her torture because the BIA should have applied the standard set forth in *Khouzam v. Ashcroft*, 361 F.3d 161 (2d Cir. 2004), which requires merely the government's "awareness" that torture exists.  Contrary to her assertions, *Khouzam* requires both that government officials "know of or remain willfully blind to an act and thereafter breach their legal responsibility

3

to prevent it." *Id.* at 171. Applying this standard, the BIA determined that Grajales's evidence indicated that the government had taken steps to prevent FARC activities, noting a letter she had submitted from her brother, in which he stated that Colombian police had been helpful and praised the Colombian government for making improvements. Thus, nothing in the record suggests that the BIA applied the incorrect legal standard in evaluating Grajales's evidence. *See id.; see also Pierre v. Gonzales*, 502 F.3d 109 (2d Cir. 2007) (explaining that a petitioner must provide evidence of specific intent to inflict severe pain or suffering). Accordingly, we deny the petition for review as to this issue.

Grajales's argument that the BIA "minimized" evidence in the record simply amounts to a challenge to the agency's factual findings, over which we lack jurisdiction. *See Barco-Sandoval*, 516 F.3d at 39-40. As the BIA referenced and considered Grajales's exhibits, nothing in the record indicates that the BIA applied an incorrect legal standard in evaluating Grajales's motion or ignored any evidence in the record. *See Xiao Ji Chen*, 471 F.3d at 338 n.17, 342 (presuming that the agency has taken into account all of the

4

evidence before it, unless the record compellingly suggests otherwise, and stating that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).  Accordingly, Grajales has failed to state a colorable question of law, as her dispute rests largely with the weight accorded by the BIA to the evidence.  Thus, we must dismiss her petition for review to the extent she challenges the BIA's determination that her evidence was insufficient to support her claim for relief under the CAT, as such challenges do not constitute constitutional claims or questions of law.  *See* 8 U.S.C. § 1252(a)(2)(C),(D); *Durant*, 393 F.3d at 115-16.

    For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk