Lopez v. Holder

BIA
A091 251 165

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of September, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

DOMINGO LOPEZ, AKA JUNIOR LOPEZ,
> *Petitioner,*

v.                                          11-3117
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Domingo Lopez, *Pro Se*, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Kathryn M. McKinney, Attorney,

**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Domingo Lopez, a native and citizen of the Dominican Republic, seeks review of the June 28, 2011, order of the BIA denying his motion to reopen and reconsider. *In re Domingo Lopez*, No. A091 251 165 (B.I.A. June 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

While we generally lack jurisdiction to review a final order of removal issued against an alien, such as Lopez, who was found removable by reason of having committed a controlled substance offense, we retain jurisdiction to review colorable constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Durant v. INS*, 393 F.3d 113, 115 (2d Cir. 2004) (recognizing that orders denying motions to reopen are treated as final orders of removal). Lopez argues that the BIA should have granted his motion to reopen and reconsider based on evidence of positive

discretionary factors demonstrating his eligibility for relief under section 212(h) of the Immigration and Nationality Act.  This argument fails to raise a constitutional claim or question of law.

An applicant may file one motion to reopen within 90 days of the date on which a final administrative decision was rendered in the proceeding sought to be reopened, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2), and may file a motion to reconsider within 30 days of an order, 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). Lopez does not contest the BIA's findings that his motion, whether construed as a motion to reopen or to reconsider, was untimely because it was filed over four years after the agency issued its final administrative order and did not fall within any regulatory exception to the time limitations.  Because his motion could have been granted pursuant only to the BIA's discretionary authority to reopen *sua sponte*, we lack jurisdiction to review Lopez's argument to the extent that it challenges the agency's discretionary denial of a request to reopen *sua sponte*.  *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

Although we may review such a denial when it relies on a misperception of the law, *see Mahmood v. Holder*, 570 F.3d 466, 469-71 (2d Cir. 2009), the BIA did not err in finding that Lopez's evidence did not affect his statutory eligibility for a section 212(h) waiver, which does not waive inadmissibility for the cocaine-related drug offense for which Lopez was convicted, *see* 8 U.S.C. § 1182(h) (waiving inadmissibility only for simple possession of 30 grams or less of marijuana). To the extent Lopez also argues that his conviction did not make him ineligible for section 212(h) relief because he was not a lawful permanent resident, he failed to exhaust that argument and we decline to consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007) (noting that the issue exhaustion requirement is mandatory). Accordingly, we lack jurisdiction to review the BIA's denial of reopening and reconsideration. *See* 8 U.S.C. § 1252(a)(2)(C), (D).

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk