Crooks v. Holder

BIA
A037 457 365

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand thirteen.

PRESENT:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

RICARDO O'BRIEN CROOKS,
AKA RICH DINERO,
> *Petitioner,*

> v.                                    11-3988
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Ricardo O'Brien Crooks, *pro se*, Gadsden, AL.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; Robert Michael

**Stalzer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ricardo O'Brien Crooks, a native and citizen of Jamaica, seeks review of the September 15, 2011 decision of the BIA denying his motion to reopen. *In re Ricardo O'Brien Crooks*, No. A037 457 365 (B.I.A. Sept. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Title 8, Section 1252(a)(2)(C) of the United States Code provides that no court shall have jurisdiction to review the final order of removal against an alien, such as Crooks, who is removable by reason of having committed an aggravated felony or violating a law relating to a controlled substance. This jurisdictional bar extends to petitions seeking review of the BIA's denials of motions to reopen, where review of the underlying removal order would be prohibited by § 1252(a)(2)(C). *See Durant v. INS,* 393 F.3d 113, 115-16 (2d Cir. 2004). We nonetheless retain

2

jurisdiction to review constitutional claims and "questions of law."  8 U.S.C. § 1252(a)(2)(D).

To the extent that Crooks argues that the BIA erred in finding his motion to reopen time-barred, we do not have jurisdiction to consider that argument because it essentially quarrels over the correctness of the BIA's factual findings.  *See* 8 U.S.C. § 1252(a)(2)(C); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).  However, Crooks's argument that the BIA erred in rejecting his claim that he obtained derivative citizenship through his mother because of the inordinate delay in processing her naturalization application raises a question of law over which we have jurisdiction.  *See* 8 U.S.C. § 1252(a)(2)(D); *Poole v. Mukasey*, 522 F.3d 259, 262 (2d Cir. 2008).  We nevertheless find that the petition here should be denied.

Throughout his removal proceedings, Crooks argued that he was entitled to derivative citizenship through his mother, because she had applied for naturalization in September 1996 — eight months before his eighteenth birthday — and did not naturalize until June 2000, nearly four years later.  However, there is no evidence as to when the former

3

Immigration and Naturalization Service ("INS") approved the application for naturalization, and there are multiple steps required for naturalization after an application is approved, the timing of which are dependent upon the applicant, not the government. Accordingly, in this case, Crooks has not shown that there was any undue delay on the part of the INS in approving the naturalization application. *Cf. Poole*, 522 F.3d at 261-62 (indicating that evidence in the record showed that petitioner's mother filed her application for naturalization fifteen months prior to his eighteenth birthday and that the application for naturalization was granted two years after it was filed).

Because there is no evidence demonstrating that the INS took an unreasonably long time in processing Crooks's mother's naturalization application, Crooks has no colorable claim to derivative citizenship, and the BIA did not abuse its discretion in denying his untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *Poole*, 522 F.3d at 265–66; *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

We note that if Crooks wishes to make a claim that the government must either effectuate his removal to Jamaica, or release him, the appropriate way to make that claim is via a

habeas petition under 28 U.S.C. § 2241, filed in the United States District Court for the Northern District of Alabama, the district of his confinement. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority. The basic federal habeas corpus statute grants the federal courts authority to answer that question."); *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (holding that habeas petitioner should file petition in the district of his confinement and name as respondent the person who has custody over him).

For the foregoing reasons, the petition for review is DENIED, and Crooks's pending motions for a stay of removal, appointment of counsel, and release from detention pending adjudication of his case are DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5