Duarte v. Holder

BIA
A073 570 007

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand thirteen.

PRESENT:
>        JON O. NEWMAN,
>        JOSÉ A. CABRANES,
>        PETER W. HALL,
>             *Circuit Judges.*

_____

NERY ORLANDO DUARTE,
>        *Petitioner,*

>        v.                                    12-4236
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Bruno J. Bembi, Hempstead, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Blair T. O'Connor,
                       Assistant Director; Remi Da Rocha-
                       Afodu, Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nery Orlando Duarte, a native and citizen of Guatemala, seeks review of a September 26, 2012, order of the BIA denying his motion to reopen. *In re Nery Orlando Duarte*, No. A073 570 007 (B.I.A. Sept. 26, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). While we lack jurisdiction to review discretionary denials of cancellation, 8 U.S.C. § 1252(a)(2)(B)(i), including in the motion to reopen context, *see Durant v. INS*, 393 F.3d 113, 115 (2d Cir. 2004), we retain jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). In this case, Duarte's argument that he was held to an inappropriately stringent standard for reopening is a question of law over which the Court retains jurisdiction. 8 U.S.C. § 1252(a)(2)(D); *Barco-Sandoval v. Gonzales*, 516

F.3d 35, 40 (2d Cir. 2008) ("the argument that a discretionary decision was based on a legally erroneous standard raises a question of law").

Here, Duarte alleged only that he had a qualifying relative for cancellation, his daughter, without specifying any exceptional or extremely unusual hardship, beyond the fact that he provided financial support for her.  The BIA acknowledged these factors, and there is no indication that it used too stringent a standard in its determination that they did not demonstrate a *prima facie* case of exceptional and extremely unusual hardship.  *INS v. Abudu*, 485 U.S. 94, 104 (1988); *Matter of Monreal-Aguinaga*, 23 I&N Dec. 56, 65 (BIA 2001) (holding that an applicant for cancellation must demonstrate hardship to a qualifying family member that is "substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here").  Additionally, the BIA did not abuse its discretion in denying reconsideration, as Duarte failed to identify any error in the BIA's prior decision. *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk