Fernandez v. Holder

BIA
A042 091 035

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fourteen.

PRESENT:
>           JOHN M. WALKER, JR.,
>           JOSÉ A. CABRANES,
>           RAYMOND J. LOHIER, JR.,
>                *Circuit Judges.*

_____

JACQUELINE DEL CARMEN FERNANDEZ,
AKA JACKELINE FERNANDEZ,
>           *Petitioner,*

>      v.                                      13-1984
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONERS:        Anayancy R. Housman, Elizabeth, NJ.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; David V. Bernal, Assistant
                        Director; Anthony C. Payne, Senior
                        Litigation Counsel, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Jacqueline Del Carmen Fernandez, a native and citizen of the Dominican Republic, seeks review of the April 24, 2013, decision of the BIA denying her motion to reopen. *In re Jacqueline Del Carmen Fernandez*, No. A042 091 035 (B.I.A. Apr. 24, 2013). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion, *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam), and when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). However, we lack jurisdiction to review any final order of removal against an alien "who is removable by reason of having committed" an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). Where review of the underlying removal order would be prohibited by

§ 1252(a)(2)(C), the jurisdictional bar has been extended to petitions seeking review of the BIA's denial of a motion to reopen. *See Durant v. INS,* 393 F.3d 113, 115-16 (2d Cir. 2004). Notwithstanding these provisions, we nonetheless retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

In order to ascertain whether a petitioner raises constitutional challenges or questions of law over which we have jurisdiction, we "study the arguments asserted [and] . . . determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). In this case, Fernandez does not raise any constitutional claims or questions of law. Fernandez first argues that the BIA erred in determining that she did not establish a change in country conditions. A determination regarding whether the evidence submitted established a change in country conditions is a factual finding, and we lack jurisdiction to review it. *See id*. at 330. Fernandez also argues that the agency's denial of her motion to reopen

3

violated her due process right.  However, Fernandez's specific claim is that her due process right was violated because the BIA did not properly consider the evidence of changed country conditions.  This argument "merely quarrels over the correctness of the factual findings." *See id*. at 329.

Because the BIA's conclusion that Fernandez did not establish changed country conditions was dispositive of her motion to reopen, we do not address her argument regarding her prima facie eligibility for relief.

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4