14-2782-ag
Acosta-Arango v. Holder

BIA
A034 621 767

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand fifteen.

PRESENT: REENA RAGGI,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges.*

_____

MARIA CECILIA ACOSTA-ARANGO,
*Petitioner*,

v.                                                                      No. 14-2782-ag

ERIC H. HOLDER, JR.,,
*Respondent.*

_____

FOR PETITIONER:        Rusten C. Hurd, Colombo & Hurd, PL, Orlando, Florida.

FOR RESPONDENT:        Benjamin Mark Moss, Trial Attorney; Joyce R. Branda, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Maria Cecilia Acosta-Arango, a native and citizen of Colombia, seeks review of a July 8, 2014 decision of the BIA denying her motion to reopen. See In re Maria Cecilia Acosta-Arango, No. A034 621 767 (B.I.A. July 8, 2014). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to dismiss the petition.[1]

We lack jurisdiction to review final orders of removal and orders denying motions to reopen relating to aliens, like Acosta-Arango, who are removable by reason of having committed an aggravated felony, see 8 U.S.C. § 1252(a)(2)(C); Durant v. U.S. INS, 393 F.3d 113, 115–16 (2d Cir. 2004), except insofar as the petition raises "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D). Even under the exception, however, we lack jurisdiction unless the claim is colorable. See Barco-Sandoval v. Gonzales, 516 F.3d 35, 40–41 (2d Cir. 2008).

Acosta-Arango's petition raises a question of law: whether section 511 of the Immigration Act of 1990, Pub. L. No. 101-649, § 511, 104 Stat. 4978, 5052, which barred

---

[1] The BIA denied reopening because it found Acosta-Arango's motion untimely under 8 U.S.C. § 1229a(c)(7)(C)(i). In any event, it found reopening unwarranted because Acosta-Arango had failed to demonstrate prima facie eligibility for the section 212(c) relief she seeks. Because our recent precedent puts the latter conclusion beyond dispute, we dismiss on that ground without considering the issue of timeliness.

relief formerly available under section 212(c) of the Immigration and Nationality Act for aliens "convicted of one or more aggravated felonies" who have "served for such felony or felonies a term of imprisonment of at least 5 years," 8 U.S.C. § 1182(c) (1994) (repealed 1996), applies here, where the alien committed the aggravated felony before section 511's enactment but was convicted after its enactment. Nevertheless, that question is not colorable in light of <u>Centurion v. Holder</u>, which holds that "the legal regime in force at the time of an alien's conviction determines whether an alien is entitled to seek § 212(c) relief." 755 F.3d 115, 124 (2d Cir. 2014). Accordingly, we lack jurisdiction to review the BIA's order.

We therefore DISMISS the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3