Saha v. Lynch

BIA
Reid, IJ
A045 050 928

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand sixteen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

PARTHA SAHA,
> *Petitioner,*

> v.                                                            15-1939
>                                                               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Naresh M. Gehi, Gehi and Associates,Forest Hills, New York. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John W. Blakeley, Assistant Director; Patricia E. Bruckner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Partha Saha, a native and citizen of Bangladesh, seeks review of a June 9, 2015, decision of the BIA affirming an Immigration Judge's ("IJ") August 18, 2014, denial of his motion to reopen. *In re Partha Saha,* No. A045 050 928 (B.I.A. June 9, 2015), *aff'g* No. A045 050 928 (Immigr. Ct. Batavia Aug. 18, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We lack jurisdiction, however, to review a final order of removal, including an order denying a motion to reopen, against an alien, such as Saha, who is removable by reason of having committed an aggravated felony or a controlled substance offense; we retain jurisdiction to consider constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Durant v. U.S. INS*, 393 F.3d 113, 115 (2d Cir. 2005).

The petition is denied because the agency did not abuse its discretion by denying Saha's motion to reopen as untimely and Saha has not identified any constitutional decision. Saha's 2014 motion to reopen was untimely because it was filed more than 90 days after the IJ's 2010 decision, which was the final administrative order. 8 U.S.C. § 1229a(c)(7)(C)(i). There are exceptions to this time limit if an alien can demonstrate ineffective assistance of counsel and due diligence in seeking to reopen on that basis, *see Iavorski v. U.S. INS*, 232 F.3d 124, 135 (2d Cir. 2000), or if an alien can show that conditions in his country of removal have materially changed so as to render him prima facie eligible for asylum, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Although Saha raised both of these exceptions before the agency, he raises only changed country conditions in his brief to this Court. However, his argument is brief and points to no evidence that the agency overlooked or misconstrued. Accordingly, he has not identified any reviewable challenge to the BIA's country conditions determination, but instead "merely quarrels over the correctness of the factual findings . . . ." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Additionally, Saha's argument that his son will suffer harm if he (Saha) is removed is not properly before us

3

because it was not raised before the BIA.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

Finally, as the Government argues, we lack jurisdiction over any exercise of prosecutorial discretion.  8 U.S.C. § 1252(a), (g) ("[N]o court shall have jurisdiction to hear any cause or claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4