Perez v. Sessions

BIA
Christensen, IJ
A094 357 311

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand seventeen.

PRESENT:
        GUIDO CALABRESI,
        DEBRA ANN LIVINGSTON,
        DENNY CHIN,
            *Circuit Judges.*
_____

ELDER ISABEL PEREZ,
        *Petitioner,*

        v.                                    15-3197
                                              NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Perham Makabi, Kew Gardens, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Shelley
                         R. Goad, Assistant Director; Carmel
                         A. Morgan, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Elder Isabel Perez, a native and citizen of Honduras, seeks review of a September 11, 2015, decision of the BIA, affirming a May 22, 2014, decision of an Immigration Judge ("IJ") denying Perez's motion to reopen. *In re Elder Isabel Perez,* No. A094 357 311 (B.I.A. Sept. 11, 2015), *aff'g* No. A094 357 311 (Immigr. Ct. N.Y.C. May 22, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Perez does not dispute that his 2014 motion to reopen was untimely because his order of removal was final in 2006. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day period for filing motion to reopen); 8 C.F.R. § 1003.23(b)(1) (same). This time limitation may be excused if the motion requests reopening to apply for asylum and "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). When the agency considers relevant evidence of country

conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

However, our jurisdiction to review the BIA's denial of reopening in this case is limited to constitutional claims and colorable questions of law because Perez's removal order was based on his conviction for a controlled substance offense. 8 U.S.C. § 1252(a)(2)(C), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 41 (2d Cir. 2007); *Durant v. U.S. INS*, 393 F.3d 113, 115-16 (2d Cir. 2004) (applying jurisdictional bar in § 1252(a)(2)(C) to petitions for review challenging the denial of reopening). In order to ascertain whether a petitioner raises constitutional challenges or questions of law over which we have jurisdiction, we "study the arguments asserted [and] . . . determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir. 2006).

3

Perez argues that the agency erred in concluding that he failed to demonstrate a change in conditions in Honduras. Although he frames this challenge as a question of law, i.e., that the agency ignored Second Circuit precedent holding that worsened conditions could constitute a change in country conditions, his challenge implicates the sort of agency factual and discretionary determinations over which we lack jurisdiction. *See Barco-Sandoval*, 516 F.3d at 42. Though there is some evidence of increasingly severe violence surrounding land disputes related to drug trafficking post-2009, there was also substantial evidence that violence against landowners had long been ongoing. Because the agency did fairly consider the evidence in the record, Perez cannot demonstrate that the agency erred as a matter of law in concluding that he failed to show a change in conditions. *See Xiao Ji Chen*, 471 F.3d at 330-31; *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." (internal quotation marks omitted)). Because the BIA's conclusion that Perez did not establish a change in conditions is dispositive of his motion to reopen,

we need not reach the remainder of Perez's arguments challenging the BIA's alternative grounds for dismissing Perez's appeal.

For the foregoing reasons, the petition for review is DISMISSED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

5