11-2954                                                        BIA
Alkahabbaz v. Holder                                            A023 315 322

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand thirteen.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> PETER W. HALL,
> > *Circuit Judges*.

_____

RADWAN ALKAHABBAZ,

> *Petitioner*,

> v.                                          11-2954
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Alexandra V. Tseitlin, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       Richard M. Evans, Assistant Director;
                       Jeffrey J. Bernstein, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Radwan Alkahabbaz, a native and citizen of Syria, seeks review of a June 23, 2011, order of the BIA denying his motion to reopen. *In re Radwan Alkahabbaz*, No. A023 315 322 (B.I.A. June 23, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We lack jurisdiction to consider a petition for review of "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)," 8 U.S.C. § 1252(a)(2)(C), unless the petition raises "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), that are "colorable," *see Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008). The jurisdictional bar contained in 8 U.S.C. § 1252(a)(2)(C) applies equally to a petition seeking review of the BIA's denial of a motion to reopen. *See Durant v. INS*, 393 F.3d 113, 115-16 (2d Cir. 2004). We review the BIA's denial of Alkahabbaz's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

Here, Alkahabba, ostensibly makes two arguments that this Court has jurisdiction over his petition for review because his petition raises questions of law regarding the BIA's denial of his second motion to reopen. First, Alkahabbaz argues that the BIA's decision rests on an incorrect legal standard relating to the pattern or practice of persecution of protestors in Syria. However, the BIA correctly considered the pattern or practice of persecution of protestors in Syria within the context of whether Alkahabbaz satisfied the "heavy burden" of establishing *prima facie* eligibility for relief in order to justify reopening. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Matter of Coelho*, 20 I&N Dec. 464, 472-73 (B.I.A. 1992).

Second, Alkahabbaz argues in his reply brief that the BIA's decision neglected to address his claim for relief under the Convention Against Torture ("CAT"). We need not consider arguments raised for the first time in a reply brief. *Evangelista v. Ashcroft*, 359 F.3d 145, 155 n.4 (2d Cir. 2004); *see also Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). Nonetheless, on consideration of the merits, we hold the BIA

2

need not have addressed his *prima facie* eligibility for relief under the CAT because it reasonably concluded that his second motion to reopen was both time and number-barred, and Alkahabbaz's motion failed to establish changed conditions in Syria sufficient to excuse the strict time and numerical limitations. *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006); *Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007) (where a motion to reopen is based on changed country conditions, the inquiry is a comparison between evidence of country conditions submitted with the motion and those that existed at the time of the merits hearing).

Thus, Alkahabbaz's arguments merely quarrel over the correctness of the BIA's factual findings or justification for its discretionary choices, and do not raise a question of law. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Accordingly, we lack jurisdiction to consider the BIA's denial of his second motion to reopen. *See* 8 U.S.C. § 1252(a)(2)(C); *Barco-Sandoval*, 516 F.3d at 39.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3