Fenelon v. Lynch

BIA
Bukszpan, IJ
A038 921 625

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand seventeen.

PRESENT:
JON O. NEWMAN,
JOHN M. WALKER, JR.,
REENA RAGGI,
        *Circuit Judges.*

_____

MARC ANTOINE FENELON,
        *Petitioner,*

v.                                                      16-444
                                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Marc Antoine Fenelon, pro se,
                         Uniondale, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Leslie
                         McKay, Senior Litigation Counsel;
                         Lisa M. Damiano, Trial Attorney,
                         Office of Immigration Litigation,
                         U.S. Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED IN PART.*

Petitioner Marc Antoine Fenelon, a native and citizen of Haiti, seeks review of a January 14, 2016 decision of the BIA denying Fenelon's motion to remand and affirming a December 14, 2009 decision of an Immigration Judge ("IJ"), denying Fenelon's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Marc Antoine Fenelon,* No. A038 921 625 (B.I.A. Jan. 14, 2016), *aff'g* No. A038 921 625 (Immig. Ct. N.Y. City Dec. 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and BIA "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Despite Fenelon's assertions otherwise, we lack jurisdiction to review a final order of removal against an alien who is removable by reason of having committed a controlled

---

* Petitioner's motion to proceed in forma pauperis is GRANTED.

substance offense.  8 U.S.C. §§ 1252(a)(2)(C),

1227(a)(2)(A)(iii); *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d

Cir. 2015) (holding that the jurisdictional bar applies to the

denial of deferral of removal under the CAT).  Nevertheless,

we retain jurisdiction to consider "constitutional claims or

questions of law," 8 U.S.C. § 1252(a)(2)(D), which we review

de novo, *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

For jurisdiction to attach, however, such claims must be

colorable.  *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d

Cir. 2008).

## I.   Particularly Serious Crime

An alien is barred from withholding of removal under both

the Immigration and Nationality Act ("INA") and the CAT if he

has been convicted of a particularly serious crime.  8 U.S.C.

§ 1231(b)(3) (INA); 8 C.F.R. § 1208.16(d)(2) (CAT).  In *Matter*

*of Y-L-*, the Attorney General adopted a strong presumption that

drug trafficking aggravated felonies are particularly serious

crimes.  *See* 23 I. & N. Dec. 270 (A.G. 2002), *overruled on other*

*grounds by Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir.

2004).

We reject both Fenelon's general challenge to *Matter of*

*Y-L-* and his argument that the agency failed to sufficiently

explain its application in his case.  The presumption in *Matter*

3

*of Y-L-* is entitled to *Chevron* deference: the Attorney General's creation of strong presumptions for drug trafficking aggravated felonies was a reasonable interpretation of the statute because the text itself provides the Attorney General with discretion to make the determination. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 945-49 (9th Cir. 2007) (expressly upholding *Matter of Y-L-*'s presumptive standard). Fenelon's argument that the BIA did not sufficiently explain its application of the *Matter of Y-L-* factors merely employs the "rhetoric" of a question of law to "quarrel[] over the correctness of the [agency's] factual findings or justification for [its] discretionary choices," which we lack jurisdiction to review. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Here, the IJ cited *Matter of Y-L-*, articulated the factors relevant to rebutting the presumption, determined that Fenelon submitted no evidence to rebut the presumption, and discussed the circumstances of Fenelon's conviction. Fenelon points to no error in the agency's decision, and there is no indication that the agency applied an incorrect standard or ignored evidence.

## II. Convention Against Torture

Fenelon's challenges to the agency's denial of CAT relief do not raise a colorable constitutional claim or question of

law. He argues that the agency ignored evidence and that its factual findings are contrary to the record evidence. However, both the IJ and BIA explicitly discussed Fenelon's CAT evidence, but agreed that he failed to demonstrate that it was more likely than not he would be tortured by or with the acquiescence of the government. The record therefore does not compellingly suggest that any evidence was ignored. *See Xiao Ji Chen*, 471 F.3d at 336 n.17 ("[W]e presume that [the agency] has taken into account all the evidence before [it], unless the record compellingly suggests otherwise . . . ."). Nor did the agency err in its consideration of the expert report. *See id. at* 342 (observing that the weight accorded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). The BIA acknowledged that mentally ill detainees may be singled out for abuse because of bizarre behavior and the inability to comply with prison rules. The report, however, spoke generally about the potential problems that untreated mental illness can create for Haitian prisoners, did not address the potential impact of Fenelon's mental illness on his behavior in prison, and Fenelon did not present any evidence that he was likely to exhibit such non-compliant behavior, other than to testify that he was diagnosed with depression and had experienced suicidal tendencies. Fenelon

5

has therefore failed to identify any colorable constitutional or legal questions concerning the agency's denial of CAT relief. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012).

III. Motion to Remand

Finally, Fenelon does not raise a constitutional claim or question of law concerning the BIA's denial of his motion to remand. *See Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir. 2005) (A motion to remand based on new evidence is subject to the same standards as motions to reopen.); *Durant v. INS*, 393 F.3d 113, 114 (2d Cir. 2004) (holding that the criminal jurisdiction bar applies to the denials of motions to reopen). We review the BIA's denial of a motion to remand for consideration of new evidence for abuse of discretion. *Li Yong Cao*, 421 F.3d at 157. Fenelon argues that the BIA erroneously found that his new evidence was "duplicative" and "not material." The BIA did not legally err when it found that Fenelon's evidence was duplicative or immaterial: he submitted an updated 2010 report that largely quoted verbatim from the 2007 and 2008 reports from the same expert; the BIA explained that the report related an individual who, unlike Fenelon who suffers from depression, had been diagnosed with paranoid schizophrenia; and the IJ had observed that Fenelon did not indicate that he behaved abnormally when off his medication for

6

two weeks in 2006.

For the foregoing reasons, the petition for review is DISMISSED IN PART and DENIED IN PART. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7