19-2772
Nwankwo v. Garland

BIA
Connelly, IJ
A070 034 114

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION
TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED
AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS
COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT
FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX
OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A
PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY
NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-two.

PRESENT:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

PATRICK M. NWANKWO, AKA PATRICK
MADUUBUCHI NWANKU,
> *Petitioner,*

> v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

19-2772

NAC

_____

FOR PETITIONER:     Rohmah A. Javed, Joseph Moravec, Prisoners' Legal Services of New York, Albany, NY.

**FOR RESPONDENT:**            Jeffrey Bossert Clark, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Patrick M. Nwankwo, a native and citizen of Nigeria, seeks review of an August 16, 2019 decision of the BIA affirming a March 13, 2019 decision of an Immigration Judge ("IJ") denying Nwankwo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Patrick M. Nwankwo,* No. A 070 034 114 (B.I.A. Aug. 16, 2019), *aff'g* No. A 070 034 114 (Immig. Ct. Batavia Mar. 13, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("the

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to fact *de novo*).

The agency concluded that Nwankwo was ineligible for asylum and withholding of removal because his conviction for use of a communication facility in committing a drug offense, in violation of 21 U.S.C. § 843(b), was a particularly serious crime. Nwankwo does not challenge the agency's conclusion that the offense is an aggravated felony that bars asylum. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i). As discussed below, Nwankwo did not rebut the presumption that his conviction barred withholding of removal.

Nwankwo was sentenced to 15 months' imprisonment for his offense, so it is not per se a particularly serious crime that bars withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii), (iv). However, the agency may find that any crime is particularly serious based on the circumstances of the offense. *Nethagani v. Mukasey*, 532 F.3d 150, 156-57 (2d Cir. 2008). Because Nwankwo's conviction involved drug

3

trafficking, it is presumptively particularly serious. *In re Y-L-,* 23 I. & N. Dec. 270, 274 (B.I.A. 2002) ("aggravated felonies involving unlawful trafficking in controlled substances presumptively constitute 'particularly serious crimes'"), *overruled on other grounds by Khouzam v. Ashcroft,* 361 F.3d 161, 171 (2d Cir. 2004); *see also Fenelon v. Lynch,* 675 F. App'x 49, 51–52 (2d Cir. 2017) (summary order) (granting *Chevron* deference to *In re Y-L-*). To overcome the presumption, Nwankwo had to demonstrate that his conviction involved:

> at a *minimum*: (1) a very small quantity of controlled substance; (2) a very modest amount of money paid for the drugs in the offending transaction; (3) merely peripheral involvement by the alien in the criminal activity, transaction, or conspiracy; (4) the absence of any violence or threat of violence, implicit or otherwise, associated with the offense; (5) the absence of any organized crime or terrorist organization involvement, direct or indirect, in relation to the offending activity; and (6) the absence of any adverse or harmful effect of the activity or transaction on juveniles.

*In re Y-L-,* 23 I. & N. Dec. at 276–77 (emphasis in original). "Only if *all* of these criteria were demonstrated by an alien would it be appropriate to consider whether other, more unusual circumstances (e.g., the prospective distribution was solely for social purposes, rather than for profit) might

justify departure from the default interpretation that drug trafficking felonies are 'particularly serious crimes.'" *Id.* at 277 (emphasis in original). Nwankwo does not challenge the agency's conclusion that his conviction, which involved almost 200 grams of heroin, involved more than a small quantity of a controlled substance. Contrary to his position here, the agency was not required to consider the other factors because *In re Y-L-* requires that the applicant establish "*all* of these criteria" to rebut the presumption that a conviction is particularly serious. *Id*. at 276–77.

Nwankwo remains eligible for deferral of removal under the CAT despite his conviction. *See* 8 C.F.R. § 1208.17(a) (alien who is subject to "mandatory denial of withholding of removal" may be granted deferral of removal under the CAT). A CAT applicant has the burden to establish that he would "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Id*. §§ 1208.16(c), 1208.18(a)(1). The agency must consider "all evidence relevant to the possibility of future torture," including past torture, the

5

possibility of internal relocation, "[e]vidence of gross, flagrant or mass violations of human rights," and "[o]ther relevant information regarding conditions in the country of removal."  *Id.* § 1208.16(c)(3)(i)-(iv).

Nwankwo alleged a fear of torture at the hands of his brother, the Ogboni cult, and the Nigerian government on account of his refusal to join the cult and his support for the Biafran independence movement.  He raises one challenge to the denial of his CAT claim, arguing that the agency erred by refusing to credit his witness, Dr. Ifem Orji, as an expert on the Ogboni cult.  This challenge fails.  First, the agency did not err in declining to recognize Dr. Orji as an expert. An expert witness "is broadly defined as someone who is qualified as an expert by knowledge, skill, experience, training, or education."  *Matter of D-R-*, 25 I. & N. Dec. 445, 459 (B.I.A. 2011) (internal quotation marks omitted). The record reflects that Dr. Orji is a native Nigerian with a U.S. law degree who taught at City University of New York. Dr. Orji conceded that he had never published on the subject of cults or the Ogboni, but knew of them because of their presence in Nigerian society.  After hearing this testimony,

6

the IJ reasonably attributed little weight to Dr. Orji's conclusions given the lack of relevant publications, the fact that Dr. Orji had not visited Nigeria in five years, and because he spoke to Nwankwo for only one hour. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to evidence in immigration proceedings "lies largely within the discretion of the IJ" (internal quotation marks and brackets omitted)). Second, even crediting Dr. Orji's testimony, Nwankwo still had the burden to show a link between his brother, the Ogboni cult, and the Nigerian government, and that he was involved in, and targeted for his involvement in, the Biafran independence movement. He has not challenged the agency's conclusion that he did not meet his burden on these points.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7