Diaz-Tineo v. Sessions

BIA
A013 730 956

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand seventeen.

PRESENT:
    BARRINGTON D. PARKER,
    RICHARD C. WESLEY,
    SUSAN L. CARNEY,
        *Circuit Judges.*
_____

NICANOR DIAZ-TINEO,
        *Petitioner,*

        v.                                          15-2778
                                                    NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Lilin M. Ciccarone, CMA Law Group,
                       PLLC, Long Island City, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; John W.
                       Blakeley, Assistant Director; Kate
                       D. Balaban, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DISMISSED in part.

Petitioner Nicanor Diaz-Tineo, a native and citizen of the Dominican Republic, seeks review of an August 5, 2015, decision of the BIA denying his motion to reopen deportation proceedings. *In re Nicanor Diaz-Tineo*, No. A013 730 956 (B.I.A. Aug. 5, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our jurisdiction is constrained in two ways. First, we have jurisdiction to consider only constitutional claims and questions of law in a petition for review of an order denying a statutory motion to reopen filed by an alien, such as Diaz-Tineo, whose order of deportation was based on a conviction for a controlled substance offense. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Durant v. U.S. INS*, 393 F.3d 113, 115 (2d Cir. 2005). Second, our review of the denial of a regulatory (i.e., sua sponte) motion to reopen is extremely limited. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

2

Statutory Motion to Reopen

There are no constitutional claims or questions of law arising from the BIA's determination that Diaz-Tineo's statutory motion to reopen was untimely and that he failed to satisfy one of the exceptions to the applicable time limit. *See* 8 U.S.C. § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same). Here, the BIA considered whether equitable tolling or the equitable remedy of nunc pro tunc relief were warranted to overcome the untimeliness of Diaz-Tineo's motion.

The BIA did not err as a matter of law in determining that equitable tolling was not warranted because Diaz-Tineo did not demonstrate that extraordinary circumstances prevented him from timely filing his motion. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005); *see also Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of a filing."). Accordingly, the petition for review is dismissed to this extent.

3

We conclude, however, that the BIA erred as a matter of law by failing to provide any justification for its determination that *nunc pro tunc* relief was unwarranted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (providing that a question of law "arise[s] where a discretionary decision . . . was made without rational justification or based on a legally erroneous standard."). "The equitable remedy of *nunc pro tunc* (literally 'now for then') relief has a long and distinguished history in the field of immigration law." *Edwards v. INS*, 393 F.3d 299, 308 (2d Cir. 2004). Such relief may be awarded in the interests of justice to "mitigat[e] potentially harsh results of the immigration laws" and "should be available whenever necessary to put the victim of agency error in the position he or she would have occupied but for the error." *Id.* at 308, 310 (internal brackets, ellipses, and quotation marks omitted). "Therefore, where agency error has prevented an alien from seeking deportation relief, justice . . . requires, that the agency rectify that error—and that it do so, if necessary, by means of *nunc pro tunc* relief." *Id.* at 311 (internal brackets and quotation marks omitted).

4

Here, as in *Edwards*, Diaz-Tineo was deprived of the opportunity to apply for a waiver of deportation under former Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c), based on an interpretation of the INA that was later deemed legally erroneous. First, in 2004, the agency amended its regulations "to provide that the 1990 amendment barring the availability of section 212(c) relief for aggravated felons who ha[d] served a term of at least five years for one or more aggravated felonies w[ould] not . . . bar the eligibility of aliens with respect to any aggravated felony conviction pursuant to a plea agreement that was made prior to November 29, 1990, the date that amendment was enacted." Executive Office for Immigration Review; Section 212(c) Relief for Aliens With Certain Criminal Convictions, 69 Fed. Reg. 57826-01, 57830-31 (Apr. 1, 1997) (codified at 8 C.F.R. § 1212.3(f)(4)(ii)). Second, in *Matter of Abdelghany*, 26 I. & N. Dec. 254 (B.I.A. 2014), the BIA held that deportable lawful permanent residents convicted after trial should be treated "no differently for purposes of [§] 212(c) eligibility than . . . [those] convicted by means of plea agreements." 26 I. & N. Dec. at 268. Accordingly, based on the 2004 regulatory amendment

and post-*Abdelghany* interpretation of the INA, Diaz-Tineo, whose 1980 convictions were obtained after trial, is statutorily eligible for § 212(c) relief.  *See* 8 C.F.R. § 1212.3(f)(4)(ii); *see also Abdelghany*, 26 I. & N. Dec. at 268. The BIA's failure to provide any basis for finding *nunc pro tunc* relief unavailable to excuse the filing deadline for Diaz-Tineo's motion to reopen requires remand.  *See Edwards*, 393 F.3d at 309-12.

*Regulatory Motion to Reopen*

Diaz-Tineo also challenges the BIA's decision not to exercise its discretionary authority to reopen sua sponte.  The 90-day time limitation applicable to a statutory motion to reopen does not apply to a regulatory motion to reopen.  See 8 C.F.R. § 1003.2(a).  Although we may remand if the BIA "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), there was no such misperception here: the BIA did not conclude that an application for § 212(c) relief would necessarily fail.  Accordingly, we lack jurisdiction over Diaz-Tineo's petition to this extent.  *See Ali*, 448 F.3d at 518; *Mahmood*, 570 F.3d at 469.

For the foregoing reasons, the petition for review is GRANTED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk