17-2421(L)
*Rivas Plaza v. Whitaker*

BIA
Vomacka, IJ
A205 220 962

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
          BARRINGTON D. PARKER,
          DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALDO YURY RIVAS PLAZA,
                    *Petitioner,*

v.                                          17-2421(L);
                                            18-1325 (Con)

MATTHEW G. WHITAKER, Acting United States
Attorney General,
                    *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:                 Perham Makabi, Kew Gardens, New York.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Jeffery R. Leist, Senior Litigation Counsel; Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of these petitions for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petitions for review are **DENIED.**

Petitioner Aldo Yury Rivas Plaza, a native and citizen of Ecuador, seeks review of an August 3, 2017, decision of the BIA affirming an September 30, 2016, decision of an Immigration Judge ("IJ") denying Rivas Plaza's application for cancellation of removal. *In re Aldo Yury Rivas Plaza*, No. A 205 220 962 (B.I.A. Aug. 3, 2017), *aff'g* No. A 205 220 962 (Immig. Ct. N.Y. City Sept. 30, 2016). Rivas Plaza also seeks review of an April 25, 2018, decision of the BIA denying his motion to reopen. *In re Aldo Yury Rivas Plaza*, No. A 205 220 962 (B.I.A. Apr. 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

An alien, such as Rivas Plaza, may have his removal cancelled if he: (1) "has been physically present in the United States for a continuous period of not less than 10 years"; (2) "has been a person of good moral character during" those years; (3) has not been convicted of certain offenses; and (4) establishes that his "removal would result in exceptional and extremely unusual hardship" to his United States-citizen spouse, parent, or child. 8 U.S.C. § 1229b(b)(1). Because the BIA relied solely on

- 2 -

the hardship factor in denying relief here, that is the only issue before us. *See Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). Our jurisdiction to review the agency's denial of cancellation of removal based on an applicant's failure to satisfy the hardship requirement is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008). While final orders of removal and orders denying motions to reopen are treated separately and require separate petitions for review, when the orders are "sufficiently connected," a jurisdictional bar that applies to the former will also apply to the latter. *Durant v. INS*, 393 F.3d 113, 115-16 (2d Cir. 2004). Here, as the two orders are directly connected, the jurisdictional bar applies to both petitions.

When assessing jurisdiction, we "study the arguments asserted . . . to determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,' in which case the court could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). For jurisdiction to attach, however, such claims must be colorable. *Barco-Sandoval*, 516 F.3d at 40. We review constitutional claims and questions of law *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

- 3 -

We dismiss the petitions because Rivas Plaza has not identified any colorable question of law. He argues that the BIA failed to adequately address his mother's testimony that her daughters were unable to take care of her and mischaracterized her testimony as equivocal. Although the agency may commit an error of law if it ignores or seriously mischaracterizes material facts, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), or if it applies the wrong legal standard, *see Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007), as set forth below, the record does not indicate any such error.

The hardship to an alien's relative upon removal "must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quoting H.R. Conf. Rep. No. 104-828 (1996)). The agency considers factors such as "age[], health, and circumstances" of the qualifying relative. *Id*. at 63. Rivas Plaza testified that he was his mother's primary caretaker, and that if he were removed to Ecuador, his mother would go with him despite an expectation of a lesser standard of medical care in Ecuador. But Rivas Plaza also testified that his two sisters lived in the same house as him and his mother, and medical discharge records reflected that his mother was released into the care of her daughter. In addition, while Rivas Plaza's mother testified that her two adult daughters could not take care of her because they were married, she later said that one daughter was single with one adult child and was

unresponsive when asked if she had asked her daughters if they would help. Given the agency's explicit statements that it had considered Rivas Plaza's mother's age and health, and given the evidence that he had adult siblings in the United States who lived with and could help care for his mother, the agency both considered the relevant factors and did not ignore or "seriously mischaracterize[]" any evidence. *Mendez*, 566 F.3d at 323.

Rivas Plaza also argues that the BIA abused its discretion by not explaining why the evidence he provided with his motion to reopen did not demonstrate that his sisters would be unable to care for his mother if he was removed. As noted above, the jurisdictional limitation on a final order of removal applies equally to the denial of a motion to reopen that is sufficiently connected to that final order. *See Durant*, 393 F.3d at 115-16. Although Rivas Plaza contends that the BIA did not explain why his evidence was insufficient, the BIA clarified that the purported reasons why Rivas Plaza's sisters could not care for his mother, i.e., their own financial and medical hardships, did not demonstrate that they "could not help out" or that those issues were so acute that their mother would suffer hardship upon his removal. Certified Admin. R. 3. Further, the BIA enumerated the evidence Rivas Plaza submitted in support of reopening, which included affidavits, tax returns, and medical records (one of which indicated that his mother lived with her daughter and that his mother had the assistance of a home health aide for ten hours every day) prior to determining that it

did not demonstrate Rivas Plaza's prima facie eligibility for cancellation.  The BIA was not required to "explicitly consider[]" each item of evidence or even describe it perfectly. *See Mendez*, 566 F.3d at 323.  Because Rivas Plaza's challenge to the BIA's denial of reopening essentially contests the agency's factual determination that the evidence failed to demonstrate the requisite hardship, it is insufficient to invoke our jurisdiction. *See Barco-Sandoval*, 516 F.3d at 41.

We have considered Rivas Plaza's remaining arguments and conclude they are without merit.  For the foregoing reasons, the petitions for review are DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court