Mendez-Fuentes v. Wilkinson

BIA
A029 179 993

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-one.

PRESENT:
   DENNIS JACOBS,
   ROSEMARY S. POOLER,
   STEVEN J. MENASHI,
      *Circuit Judges.*

_____

JOSE MENDEZ-FUENTES,
      *Petitioner,*

   v.                                          18-3563
                                               NAC
ROBERT M. WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,
      *Respondent.*[1]

_____

FOR PETITIONER:          Perham Makabi, Kew Gardens, NY.

---

[1] Pursuant to Fed. R. App. P. 43(c)(2), Robert M. Wilkinson is automatically substituted for former Attorney General William P. Barr.

**FOR RESPONDENT:**          Janice K. Redfern, Senior
                            Litigation Counsel (Jeffrey
                            Bossert Clark, Acting Assistant
                            Attorney General, Linda S.
                            Wernery, Assistant Director,
                            Office of Immigration Litigation),
                            *for* Robert M. Wilkinson, Acting
                            United States Attorney General,
                            United States Department of
                            Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Jose Mendez-Fuentes, a native and citizen of El Salvador, seeks review of an October 30, 2018 decision of the BIA denying his motion to reopen his removal proceedings. *In re Jose Mendez-Fuentes,* No. A029 179 993 (B.I.A. Oct. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Mendez-Fuentes moved to reopen related to his statutory eligibility for special rule cancellation of removal under the Nicaraguan and Central American Relief Act ("NACARA"), which gives the agency discretion to cancel the removal of undocumented immigrants from certain countries if they satisfy physical presence, moral character, and hardship

requirements. 8 C.F.R. § 1240.66. We review a denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Our jurisdiction is limited to consideration of constitutional claims and questions of law as we are statutorily divested of authority to review discretionary determinations concerning cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Argueta v. Holder*, 617 F.3d 109, 111–12 (2d Cir. 2010); *Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005) (discussing jurisdictional limitation in Section 1252(a)(2)(B) as applied to motions to reopen and for reconsideration); *Durant v. INS*, 393 F.3d 113, 115 (2d Cir. 2004) (holding that jurisdictional limitation in Section 1252(a)(2)(C) applies equally to denial of motion to reopen because otherwise motion "would provide an improper backdoor method of challenging a removal order"). We dismiss the petition because Mendez-Fuentes has not raised a colorable constitutional claim or question of law. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008).

The BIA did not err in skipping over Mendez-Fuentes's statutory eligibility for NACARA cancellation and determining instead that such relief was not warranted as a matter of

3

discretion. *INS v. Abudu*, 485 U.S. 94, 104-05 (1988). Mendez-Fuentes does not identify legal error in the BIA's exercise of discretion. He first argues that BIA erred in finding that he failed to present any evidence to show that he had no criminal history after 2011; however, the BIA explicitly cited the evidence he presented regarding his 2011 release and determined that it did not corroborate an absence of any criminal history thereafter. Mendez-Fuentes's challenge to the BIA's characterization of that evidence does not state a question of law. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009)(explaining that question of law may arise if agency "totally overlook[s]" or "seriously mischaracterize[s]" evidence but an agency "does not commit an error of law every time an item of evidence is not explicitly considered or is described with imperfect accuracy")(internal quotation marks omitted). To the extent Mendez-Fuentes contends that the BIA was required to credit claims in his affidavit regarding his rehabilitation, the severity of his medical conditions, and his payment of taxes, he again does not raise a colorable question of law as a "quarrel over the correctness of the factual findings or justification for the discretionary

4

choices made by the agency [is] a quarrel that we lack jurisdiction to review." *Barco-Sandoval*, 516 F.3d at 42.

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5